UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

STEVEN SMITH,                                                    6:14-cv-149-TC

                              Plaintiff,                         ORDER AND
                                                                 FINDINGS &
            v.                                                   RECOMMENDATION

U.S. FEDERAL AVIATION
ADMINISTRATION,

                              Defendant.
_____

COFFIN, Magistrate Judge:

       Pro se plaintiff, Steven Smith, brings this Freedom of Information Act (FOIA) proceeding

against the Federal Aviation Administration (FAA) seeking material responsive to his requests for

information regarding low altitude overflights near his home and local airport in Roseburg, Oregon.


                              BACKGROUND

       Plaintiff's home is located on a mountain ridge to the west of the Roseburg airport. The

airport's runway is situated north to south. It appears that plaintiff's motivation in bringing this case

is his belief that it is never necessary for planes to fly over his home in order to takeoff or land.

Plaintiff alleges that the overflights violate 14 C.F.R. § 91-119(c) because they are closer than 500

Page 1 - FINDINGS AND RECOMMENDATION

feet to his home.

While plaintiff acknowledges that overflights of less than 500 feet are permitted when necessary for takeoff and landing, he doubts that the FAA is correct that flights over his home are necessary for takeoff or landing. Plaintiff alleges that he has watched many planes simply take a short cut over his home to practice takeoff and landings. However, this action is not about whether the overflights violate any regulations, this action is about whether plaintiff has been denied access to records to which he is entitled. Plaintiff's voluminous briefing and objections to conclusions of various agency officials demonstrates attempts to use FOIA, not as tool to obtain existing documents, but as an attempt to engage the FAA in an argument about its conclusions and convince the agency he is correct.

Plaintiff alleges that the primary focus of his FOIA request is to discover the factual basis for defendant's conclusion that overflights of his home at less than 500 feet are necessary. To that end, FOIA provides an avenue to obtain existing documents, but it does not mandate document creation. See Hudgins v. IRS, 620 F.Supp. 19, 21 (D.D.C. 1985); aff'd 808 F.2d 137 (D.C.Cir. 1987) (FOIA does not require an agency to answer questions disguised as a FOIA request or to create documents or opinions in response to an individual's request for information). Once viewed in this light, the case is a far simpler matter than plaintiff's never-ending objections and briefing indicate. Plaintiff's dissatisfaction with the FAA's interpretation of applicable regulations has no bearing on whether the agency has complied with FOIA by providing all non-exempt documents responsive to his requests. As discussed below, the court should find that defendant has conducted an adequate search to uncover all relevant documents.    In addition, to the extent the FAA has withheld relevant documents, it has provided an adequate explanation justifying exemption from disclosure.

Page 2 - FINDINGS AND RECOMMENDATION

Roseburg has an uncontrolled airport with no FAA physical presence. Consequently, the FAA has no records regarding persons flying to or from the airport or aircraft operations. In addition, there is no requirement for filing a flight plan with the FAA regarding the practice flights of which plaintiff complains. The traffic pattern of the airport is below radar coverage. Nonetheless, the FAA searched relevant complaint investigation files related to plaintiff's complaints about the flight school planes in an effort to respond to the following requests made by plaintiff:[1]

(1)    September 14, 2013 Letter (FOIA Requests Nos. 2014-001089 and 2014-003722)

Plaintiff sought information regarding low overflights of his home by aircraft from the Roseburg Airport and requested copies of all reports pertaining to the Portland Flight Standards District Office's (PDX FSDO) visit to the Roseburg Airport. The FAA responded on December 11, 2013 by providing a DVD containing pictures taken by FSDO personnel near a vantage point close to plaintiff's home as well as copies of airport operator's business cards. On December 17, 2003, plaintiff complained that he did not feel all documentation had been provided.[2] On February 14,

---

[1] Plaintiff demanded that all communications between himself and the FAA take place via regular mail. Accordingly, communications regarding requests may appear out of order as plaintiff would submit additional requests before the FAA could resolve previous requests.

[2] Plaintiff also complained that he believes the FAA made visits to his home and that the photos indicate that they were taken at an elevation lower than his home. He requested copies of all reports related to visits to his home "if such visit actually took place" or a disclosure that no such visit took place. Exhibit 4 to Motion for Summary Judgment (#34-4). The letter is another indication that plaintiff's dispute is more of a disagreement with the FAA's investigation and subsequent conclusion that no violations have taken place rather than that the FAA has failed to provide documents required by FOIA. Indeed, plaintiff states, "I object to the FAA considering pictures taken a large distance away from my home as accurately representing the facts of the case." Id.

2014, the FAA responded that no other responsive records existed.[3]

    2.    <u>October 11, 2013 Letter/ November 6, 2013 Letter (FOIA Request No. 2014-001120)</u>

Plaintiff sought "all documents in files #CNM0920130017, #CNM09020130056 and #CNM0920130061." The FAA sought clarification and plaintiff responded by supplementing his request seeking

> all correspondence and communications contained in files #CNM0920130017 #CNM09020130056 and #CNM0920130061 or any other location regarding my reports of low-level flying including but not limited to all correspondence and communication related to any claim or contention by the Federal Aviation Administration that the Office of Regional Counsel is not aware of files #CNM0920130017, #CNM09020130056 and #CNM0920130061 as described above and in your letter of October 28, 2013.

Exhibit 10 to Motion for Summary Judgement (#34-10).

After Regional Counsel's Office discovered that the numbers referred to local tracking by the PDX FSDO, the FAA released 75 pages of documents on February 28, 2014 with limited redaction pursuant to FOIA exemption 6.[4] The FAA later assigned the request to its Aviation Data Systems branch and on April 1 and 3, 2014, released further records identifying the subject complaint number (about 10 pages). Partial redactions were again made under exemption 6 which plaintiff does not contest.

---

[3]Plaintiff apparently was unable to view the pictures on the DVD more than once and he requested a replacement on February 26, 2014. The FAA provided a replacement on March 4, 2014.

[4]The redactions included home addresses and other personal information. Plaintiff does not dispute the redactions were appropriate pursuant to exemption 6. The FAA also partially redacted a page asserting exemption 5, but submitted an unredacted copy on June 30, 2014.

3.    January 27, 2014 Letter (FOIA Request No. 2014-002820)

Plaintiff sought any and all records in file #CNM0920140011 and other material detailing the rules and regulations for takeoff/landing, traffic pattern for the Roseburg Airport and correspondence between the FAA, the airport director, and any reports of low overflights of plaintiff's home. The FAA released a compact disc on February 26, 2014 containing Airports Division contact information, regulations and emails between PDX FSDO and the Roseburg Airport Director, and Roseburg City Manager, as well as contact information and a letter to plaintiff, with a "Fly Friendly" brochure. Additionally, the Aviation Data Systems Branch sent records out on April 1 and 3, 2014.

4.    March 10, 2014 Letter (FOIA Request No. 2014-009407)

Plaintiff sought materials regarding FAA investigations of his report of a plane (tail number N3765R) overflying Plaintiff's home at 100 feet; all records on FAA communications or correspondence with the owner of N3765R (Robert Levin); and all material regarding FAA communications or correspondence with student pilots flying N3765R in the vicinity of Roseburg Airport in 2013 and/or 2014. The FAA determined that most documents had already been provided and released one additional document on May 22, 2014 partially redacted pursuant to exemption 6.

5.    April 2, 2014 Letter FOIA Request No. 2014-008424)

Plaintiff sought material concerning complaints from 2004 to 2014 regarding low overflights by Western Oregon School of Aviation, located at the Roseburg Airport and any and all complaints the FAA has received from 2004 to 2014 in regards to planes owned or flown by Robert Levin of

Page 5 - FINDINGS AND RECOMMENDATION

Roseburg, Oregon, alleging low level overflight. The FAA released approximately 336 pages of documents on September 15, 2014, but withheld 49 pages completely and six partially pursuant to exemption 5, and partially redacted 50 pages pursuant to exemption 6.

      6.     April 21, 2014 Letter FOIA Request No. 2014-008996)

Plaintiff sought documents noting actions taken by the FAA to limit communication to him in writing. The FAA denied the request for failure to pay the required fee, but has provided five pages responsive to the request attached to the motion for summary judgment as exhibit 25 (#34-25).

      7.     May 2, 2014 Letter (FOIA Request No. 2014-009346)

Plaintiff sought any and all records, documents, etc., regarding action taken by FAA to or with the owner and/or pilot of plane #N79938 with regard to overflights. The FAA again canceled the request due to lack of payment, but has now provided three partially redacted (pursuant to exemption 6) pages responsive to the request . (#34-28).

DISCUSSION

A.    Summary Judgment

FOIA makes virtually every document generated by an agency available to the public in one form or another, unless it falls within one of the Act's nine exemptions. N. L. R. B. v. Sears, Roebuck & Co., 421 U.S. 132, 136 (1975). Among the exceptions are exemption 5 ("inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency") and exemption 6 ("personnel and medical files and similar

files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy").

5 U.S.C. § 552(b)(3)(5) and (6).

As this litigation has progressed, the dispute over the redactions and the withholding of certain documents has narrowed significantly. Plaintiff has not argued that any redactions pursuant to exemption 6 are unlawful. In addition, the government has apparently waived its arguments with respect to exhaustion and failure to pay fees and has provided all documents it claims are responsive to the requests with the exception of two pages which are described in entries 50 and 58 of defendant's Vaughn index.[5] The dispute in this case primarily centers around whether defendant conducted an adequate search for documents. This FOIA case is not an appropriate forum in which to argue about plaintiff's objections to the FAA's conclusions that low flights in the vicinity of his home fall within the exception of the regulations prohibiting low flight. See, e.g., Plaintiff's Sur-reply (#52) at p. 12.[6]

The burden of proving that the subject documents are properly withheld is on the defendant.

---

[5]Document 50 is a PDX FSDO monthly FOIA report for February 2013 which is being withheld pursuant to exemption 5 and because the FAA asserts it does not contain information responsive to plaintiff's requests. Document 58 is a June 19, 2013 draft letter to plaintiff that was not issued and is being withheld under exemption 5. Plaintiff appears to argue that there is some issue as to whether a letter of July 5, 2013 has been fully produced and continues to argue about this letter in supplemental briefing. This is a letter that was a draft apparently, but partially released and later fully released as plaintiff acknowledges. Yet plaintiff argues that it was not properly withheld. Because there are only two documents that have not been released pursuant to an exemption at issue, only those two documents will be addressed with respect to whether the FAA properly withheld known documents. Otherwise, the focus of the discussion will be the adequacy of the search for documents.

[6]Plaintiff did not properly request leave to file the sur-reply via separate motion, but did request it in the body of the sur-reply. The government objects to the granting of leave to file the sur-reply or in the alternative seeks leave to reply to that document. The motion for leave to file the sur-reply is granted. In addition, the government need not respond as the sur-reply does not demonstrate, as discussed below, that the FAA conducted an inadequate search.

Page 7 - FINDINGS AND RECOMMENDATION

See  U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991) (FOIA's strong presumption in favor of

disclosure means that an agency that invokes an exemption bears the burden of demonstrating that

a document was properly withheld).  In addition, to prevail on summary judgment, the FAA must

show beyond material doubt that it has conducted a search reasonably calculated to uncover all

relevant documents. Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C.Cir.1983).

     FOIA cases are generally resolved through summary judgment where the court determines

whether the government agency has provided an adequate factual basis for withholding documents.

See, e.g. Lion Raisins v. U.S. Dept. of Agriculture, 354 F.3d 1072, 1078 (9th Cir. 2004) (FOIA cases

require determination of whether a particular set of documents gives an adequate factual basis for

decision which is a question of law).  A court may rely solely on government affidavits "so long as

the affiants are knowledgeable about the information sought and the affidavits are detailed enough

to allow the court to make an independent assessment of the government's claim." Id. at 1079.  "If

the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient

to establish an exemption,'the district court need look no further.' " Lewis v. IRS, 823 F.2d 375, 378

(9th Cir. 1987) (quoting Church of Scientology of Calif. v. Dep't of the Army, 611 F.2d 738, 742

(9th Cir. 1979)).   The court may review the disputed documents in camera if the affidavits are too

generalized.  Id.  However, in camera inspection should not be resorted to lightly.   Church of

Scientology, 611 F.2d at 743.

     As noted above, plaintiff takes issue with the adequacy of the search conducted by the FAA

in responding to his FOIA requests.  Plaintiff contends the FAA has a motive to conceal information

because he believes there must be information that contradicts agency conclusions about the need

for low flyovers for takeoff and landings.  However, a belief that an agency has reached an incorrect

conclusion is not sufficient, by itself, to establish that an inadequate search has taken place.

In order to establish the adequacy of a search, agency affidavits must be relatively detailed and submitted in good faith. SafeCard Services, Inc. v. S.E.C., 926 F.2d 1197, 1200 (9th Cir. 1991). The court affords the FAA affidavits a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence of other documents. See, id.

In determining that the FAA has conducted a search reasonably calculated to uncover all relevant documents, the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate. Zemansky v. U.S. E.P.A., 767 F.2d 569, 571 (9th Cir. 1985). As noted above, a search is adequate if it is reasonably calculated to uncover all relevant documents.

The FAA has submitted the declaration of Michael Harris (#35) to support the reasonableness of its search for documents related to plaintiff's FOIA requests. Harris is the assistant manager for the PDX FSDO. Harris's responsibilities include tracking incoming work assignments and reviewing outgoing reports and files for accuracy, including FOIA requests. Harris notes that he is the person most familiar with plaintiff's complaints and FOIA requests and thus conducted the searches and states that he did not hold back any documents. In addition to his searches of file systems and his computer hard drive, he instructed inspectors David Long and Marty Conroy as well as front line manager Richard Davis to search their computers and work spaces for any documents or notes that had not made it to the file folders in the file system. All confirmed that they had conducted a thorough search and found no additional documents or notes.

Harris describes the FSDO file system including hard copy locations and electronic filing systems and why all files requested would be kept in the locations searched. Moreover, Harris

described two FAA on-line file systems used for tracking work and the details of the search conducted of those systems. Harris concludes that all systems of records were thoroughly searched including the office e-mail systems and that all relevant documents were turned over for determination of applicable exemptions. A page by page visual search was conducted of hard copy files as well as a search of electronic files.

Plaintiff, at best, speculates not so much that an inadequate search was conducted but that they were withheld based on some "super-exemption" in which the FAA makes a decision to withhold responsive documents in secret. But an adequate search was conducted and there is no basis to conclude that the FAA has withheld documents without disclosing the reason. Moreover, to the extent plaintiff believes there are more logical places to conduct a search for documents, such as regional counsel Dwight Williams's or regional FOIA coordinator Annjanette Cummins's files, plaintiff provides no support for why Harris is incorrect as to where the agency would house documents responsive to plaintiff's requests. As the government notes, Cummins does receive FOIA requests, but her office does not deal directly with responsive records and does not house such files. In addition, Williams does not normally review FOIA requests and to the extent he has acquired documents related to this litigation they have been accounted for in the Vaughn index. At any rate, both Williams and Cummins confirm that they have no further records responsive to plaintiff's requests. To the extent plaintiff suggests bad faith, he merely speculates that such motives have resulted in the failure to provide responsive documents.[7] The FAA has met its burden to show it has

---

[7]Indeed, the aforementioned July 5, 2013 draft letter is a good example of a lack of intent to conceal. The letter would likely have been properly withheld under exemption 5 as deliberative, but because the agency had mistakenly released two pages of it, it provided plaintiff with a missing third page. To the extent it contains any of the contradictions that plaintiff perceives, that is again plaintiff's attempt to argue the correctness of the FAA's conclusion about takeoffs and landings, but does not demonstrate a FOIA violation.

conducted a search reasonably calculated to uncover all relevant documents.

As noted above, with respect to withheld documents, only two documents are at issue: (1) the monthly FOIA report for February 2013; and (2) a June 19, 2013 draft letter to plaintiff. Exemption 5 under FOIA permits an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(3)(5). This provision shields "those documents, and only those documents, normally privileged in the civil discovery context." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975). It includes a "deliberative process" privilege. Dep't of Interior v. Klamath Water Users Protective Assoc., 532 U.S. 1, 8 (2001). The privilege allows agencies to freely explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny. Assembly of State of Cal. v. U.S. Dept. of Commerce, 968 F.2d 916, 920 (9th Cir. 1992) (citing Sears, 421 U.S. at 150-54, 95 S.Ct. 1504; EPA v. Mink, 410 U.S. 73, 85-94 (1973)). Thus, Exemption 5 covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Klamath, 532 U.S. at 8 (citation and internal quotation marks omitted).

To fall within the deliberative process privilege, a document must be both "predecisional" and "deliberative." Assembly, 968 F.2d at 920.

> A 'predecisional' document is one 'prepared in order to assist an agency decisionmaker in arriving at his decision,' and may include 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency. A predecisional document is a part of the "deliberative process," if "the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.

Id. (quoting Formaldehyde Inst. v. Dep't of Health and Human Servs., 889 F.2d 1118, 1122 (D.C.Cir.

1989)).

The FAA has now determined that the monthly FOIA report is not responsive and other than curiosity as to why it was even placed in the Vaughn index, plaintiff does not disagree. To the extent plaintiff now wants an explanation as to why the document was placed on the index at all, that is beyond the scope of his FOIA case.

Because draft documents regarding the decisionmaking process are exempt, the June 19, 2013 draft letter need not be disclosed and the court should decline the invitation to review the document in camera.

Because defendant has adequately searched for responsive documents and has properly withheld documents from disclosure, its motion for summary judgment should be granted. Plaintiff's separately filed cross motion for summary judgment attacks defendant's exhaustion argument which is now moot, and seeks a stay pending resolution of the exhaustion issue which is also moot. Accordingly, plaintiff's cross motion for summary judgment should be denied.


B.    Supplemental Disclosure

Prior to the filing of the summary judgment motions, plaintiff again attempted to gain access to the documents that is the subject of his FOIA case. As the court has previously noted, FOIA cases are generally decided via summary judgment and discovery is not typically part of FOIA cases. The motion is denied. In addition, the court declines plaintiff's invitation to take judicial notice of his assertions of FAA responsibilities.


Page 12 - FINDINGS AND RECOMMENDATION

C.      Objections

Plaintiff has objected to virtually every declaration submitted by defendant as well as the

Vaughn index.  The objections are not well-taken and are denied.


## CONCLUSION

For the reasons stated above, plaintiff's motion for supplemental disclosure (#29) is denied

and plaintiff's motion for leave to respond (#52) is granted.  In addition, defendant's motion for

summary judgment (#34) should be granted, plaintiff's cross motion for partial summary judgment

(#38) should be denied and this action should be dismissed.


This recommendation is not an order that is immediately appealable to the Ninth Circuit

Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

Procedure, should not be filed until entry of the district court's judgment or appealable order.  The

parties shall have fourteen (14) days from the date of service of a copy of this recommendation

within which to file specific written objections with the court. Thereafter, the parties shall have

fourteen (14) days within which to file a response to the objections. Failure to timely file objections

to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right

to de novo consideration of the factual issues and will constitute a waiver of a party's right to

appellate review of the findings of fact in an order or judgment entered pursuant to this

recommendation.

DATED this ___2___ day of February 2015.

_____
THOMAS M. COFFIN
United States Magistrate Judge


Page 13 - FINDINGS AND RECOMMENDATION